The People *v.* Wilber.

GENESEE SESSIONS. *Joshua L. Brown*, County Judge. February 1857.

## THE PEOPLE *v.* WILBER.

In an indictment under the first section of chap. 109 of the Laws of 1854, entitled "An act for the protection of Gas Light Companies," it is not sufficient to charge the act complained of in the words of the statute.

The relations of the party, whom it is alleged the defendant intended to defraud, to the means by which the fraud is sought to be perpetrated, must be alleged, so that the court can judicially see that the act complained of is calculated, as well as intended, to defraud; and where an indictment alleged, in the words of the statute, that the defendant connected certain pipes, &c., &c., with intent to defraud a gas company, and contained no allegation that the company supplied the gas consumed at the burners; *Held*, that the indictment was defective.

Whether the bare mention of the name of a gas company in an indictment, necessarily implies an allegation of its corporate existence, *quere*.

The general rules of pleading, and the exceptions thereto, as applicable to an indictment under this statute, and what such an indictment should contain, discussed and stated.

### DEMURRER TO AN INDICTMENT.

THE defendant was indicted under the 1st section of the act, chap. 109, of Laws of 1854, entitled "An act for the protection of Gas Light Companies," which enacts "that any person who,

with intent to injure or defraud any gas company, body corporate or individual, shall make, or cause to be made, any pipe, tube or other instrument or contrivance, or connect the same, or cause it to be connected, with any main service pipe, or .other pipe, for conducting or supplying illuminating gas, in such manner as to connect with and be calculated to supply illuminating gas to any burner or orifice by or at which illuminating gas is consumed, around or without passing through the meter provided for the measuring and registering the quantity of gas there consumed, shall be guilty of a misdemeanor."

The first count of the indictment alleges that the defendant, " on the fifteenth day of December, in the year of our Lord one thousand eight hundred and fifty-six, at the town of Batavia, in the county aforesaid, did unlawfully and maliciously connect a pipe in his dwelling house with a certain other pipe, then and there being for conducting and supplying illuminating gas, in such manner as to connect with and be calculated to supply illuminating gas to a large number of burners, to wit: ten burners, then and there being in said dwelling house, at which illuminating gas is consumed, without passing through the meter provided for measuring and registering the quantity of gas *in said dwelling house* consumed, with intent to injure and defraud the Batavia Gas Light Company, contrary to the form of the statute," &c.

*George Bowen* (District Attorney) and *Moses Taggart*, for the people.

*H. Wilber*, for the defendant.

*By the Court*, BROWN, County J.    An indictment must allege all the facts and circumstances constituting the offence, and necessary to be proved on the trial.    It must allege them with certainty, to a certain intent in general ; and everything which the pleader should have stated and which is not expressly alleged, or by necessary implication included in what is so alleged, must be presumed against him.    And an indict-

The People *v.* Wilber.

ment for an offence created by statute must, in conformity to these rules, allege all the facts and circumstances necessary to bring the act, charged as an offence, within the statute, and must also, in charging the offence, keep close to and follow the words of the statute itself. (*Archibold's Cr. Pl.*, 38, 48 ; *Chitty's Cr. Law*, 171, 173, 281, 289.) It is obvious that these rules necessarily exclude all argumentative pleading.

In an indictment for a misdemeanor created by a statute, as a general rule, it is sufficient to allege the act in the words of the statute. But this rule is subject to many exceptions, and by no means dispenses with the necessity of alleging those facts and circumstances which must necessarily exist in order to bring the act within the purview of the statute; for it will hardly be pretended that an act is within a statute, unless it be within its obvious scope and its true intent and meaning.

Statutes are often framed to meet the relations of parties to each other, and to prevent frauds by the one upon the other ; and in framing them, the language used is often elliptical, leaving some of the circumstances expressive of the relation of the parties to each other, to be supplied by intendment or construction. In all such cases, the facts and circumstances constituting such relation of the parties to each other, must be alleged in the indictment, though not expressed in the words of the statute.

One reason for this is, that if the facts and circumstances constituting the relations of the parties (or more strictly speaking, the relation of the party intended to be defrauded, to the *means* by which the fraud is to be perpetrated), do not exist, the act is not within the statute, and hence they must be alleged in order that it may be apparent to the court, as matter of law, that the act is within the true intent and meaning of the statute.

The section of the statute above quoted is evidently intended to prevent frauds upon parties supplying to other parties illuminating gas for consumption, passing, by the ordinary means of conducting it, through a meter provided (pursuant to the contract between the parties), for measuring and registering the

quantity consumed. The language of this section is plainly elliptical, leaving the words, which are expressive of the relations of the parties, to be supplied by intendment or construction. It is apparent that if the defendant were himself supplying the gas consumed at the burners, the act of connecting the pipes, so as to supply it to them without passing through the meter, would not be within the statute.

To convict the defendant upon this indictment, the prosecution would be bound to prove:

1. The incorporation of the Gas Light Company.

2. That the company was supplying him, by means of a pipe for conducting it, with illuminating gas, which was consumed at the burners mentioned in the indictment.

3. That a meter was there provided for the measuring and registering the quantity of gas consumed *at the burners.*

4. That the defendant connected the pipe which supplied the burners, with the service pipe, in such manner as to be calculated to supply the gas to the burners without passing through the meter.

5. That the act of so connecting the pipes was done with intent to injure or defraud the company.

In order, therefore, to bring the act within the statute, it must appear that some person other than the defendant himself was supplying the gas consumed. There is no express allegation to that effect, nor any from which it can be inferred, unless it be found in the allegation of the intent to injure and defraud the Gas Light Company. It may doubtless be argumentatively inferred from this allegation, that the company were supplying the gas, but an argumentative inference is not sufficient. The intent to injure or defraud, is the ingredient of the offence created by this statute, which gives character to the act, and is necessary to be alleged for that purpose alone. The allegation of its existence, therefore, does not by necessary implication include the allegation of any other fact, or of any circumstance necessary to bring the act within the statute.

The fact that the company supplied the gas would, doubtless, afford evidence that the act of connecting the pipes, so as

The People *v.* Wilber.

to consume it without its passing through the meter, was intended to injure and defraud them, upon the principle that a party is presumed to intend the consequences which naturally flow from his acts. This, however, would not make the fact *mere* evidence of the intent to defraud.

This being one of the facts and circumstances necessary to be alleged in order to bring the act within the statute, cannot be mere evidence of the intent to defraud. The mere evidence of such intent is to be sought for and found in the presence or absence of a variety of circumstances, which it would be improper to spread upon the record.

Matter not necessary to be alleged in a pleading, may generally and with but few exceptions, applicable to peculiar cases when found there, if inconsistent with, or repugnant to, mate rial and necessary allegations, be rejected as mere surplusage. It will hardly be pretended, however, if an indictment should allege that the gas was supplied by A., and that the defendant committed the act with intent to defraud B., that the former allegation could be rejected as mere surplusage, and a conviction had for doing the act with the intent to defraud B.

If a defendant should be found guilty upon such an indictment, there can be no doubt that the judgment would be arrested.

Where a statute imposes a pecuniary penalty, to be sued for and recovered in the name of the people, or of any public officer, or in a *qui tam* action by an informer, it is material in all cases that the offence or acts charged to have been committed or omitted by the defendant, *appear to have been within the provision of the statute* relied upon, *and all circumstances necessary to support the action must be alleged.* (1 *Chitty's Pl.*, 372, *Springfield edition of* 1844, *and cases cited in note* 4.)

It will hardly be pretended, if this statute gave such a penalty, that a complaint in an action to recover it would be sufficient, if it omitted to allege that the company supplied the gas consumed at the burners. An indictment should at least be as complete in this respect as a complaint in a civil action for the recovery of a penalty.

If the count contained the allegation that the gas consumed at the burners was supplied by the company, it would then be apparent that the act of connecting the pipes so as to pass the gas around the meter to the burners, was directly calculated to defraud them. It is such an act, thus evidently calculated to defraud another party, that is to be punished under this statute, provided it be accompanied by the fraudulent intent; for the law is not guilty of the folly of dealing with acts, unless it be apparent that they are calculated, as well as intended, to injure or defraud another party or the public.

The court must be able to see judicially that the act was calculated to defraud the company, otherwise the intent to do so cannot appear. This principle is clearly recognized in the following cases: *The People* v. *Stone,* 9 *Wend.,* 182, 191; *The People* v. *Williams,* 4 *Hill,* 9, 12; *The People* v. *Thomas,* 3 *Hill,* 169, &c. Indeed, the circumstances which show that the act was calculated to defraud the company, constitute the only foundation whereon the allegation of the intent can be legally predicated.

The decision of this point is put upon the broad ground, that to bring the act of connecting the pipes within the statute, and make it an offence, the relations of the parties must be shown, so that it shall appear, aside from the alleged intent, that it was calculated to injure or defraud the company; and this could only appear by means of an allegation in some form within the established rules of pleading, that they supplied the gas consumed at the burners.

But it does not affirmatively appear in this indictment, that there was any gas consumed there at the time of the commission of the act, or that any person then supplied gas for consumption. The act is alleged to have been committed on the 15th of December last, and the allegation touching the consumption of gas, is in the present tense.

Again, it is by no means clear that the count includes, by necessary implication in what is alleged, any allegation of the incorporation of the gas company, bare as it is of any allegations that they either owned the service pipe or supplied the

The People *v.* Wilber.

gas; though, if it contained either of these allegations, it would, perhaps, in connection with the other allegations, sufficiently imply the existence of the artificial legal entity. The line of safe precedents, however, would dictate the propriety of stating the fact of incorporation in some appropriate manner; as, for example, by using the words " a certain corporation called The Batavia Gas Light Company," which would doubtless be a sufficient allegation in this respect.

There are other defects in the count under consideration, the most prominent of which is the entire want of any allegation, except an argumentative one, that a meter was provided for measuring and registering the quantity of gas consumed by or *at the ten burners mentioned in it.* It does not appear that these ten burners are all there were in the dwelling house. There may have been twenty other burners there at first, and the meter may have been provided, as alleged in the count, to measure and register the quantity of gas consumed *in the dwelling house*; but notwithstanding all this, it may be that when the pipe which supplied these ten burners was connected with the service pipe, there was another meter provided expressly for the purpose of measuring and registering the quantity of gas consumed *at these ten burners.* It is nowhere plainly alleged that the meter was " *then and there being*," or that it was "provided for the measuring and registering the quantity of gas there," *at the burners aforesaid,* " consumed."

It is against all authority and all safe precedent, to sustain, in criminal cases, pleadings which are open to such serious objections as are apparent in the count under consideration.

Judgment for the defendant.